

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

*Matthew A. Haven*
*Assistant United States Attorney*
*Matthew.Haven@usdoj.gov*

*36 S. Charles Street*
*Suite 400*
*Baltimore, MD 21201-3119*

*DIRECT: 410-209-4955*
*MAIN: 410-209-4800*
*FAX: 410-962-2310*

February 23, 2022

***Sent via CM/ECF***

The Honorable Theodore D. Chuang
United States District Judge
United States Courthouse
6500 Cherrywood Lane
Greenbelt, Maryland 20770

      **Re:** **Notice of Intent to File Motion to Dismiss**
            *Decoster v. Becerra,* **Civil No. 21-2195-TDC**

Dear Judge Chuang:

    Pursuant to the Letter Order Regarding the Filing of Motions (ECF No. 3), the United States, on behalf of the Xavier Becerra, Secretary of the Department of Health and Human Services, files this Notice of Intent to file a Motion to Dismiss. The United States intends to move to dismiss the Complaint because Plaintiff (1) failed to state a constructive discharge claim, (2) failed to state a race-based gender discrimination claim, and (3) already prevailed on her retaliation claim and there is no additional relief for the Court to provide, making her claim moot.

    Plaintiff asserts three counts in her Title VII Complaint: Count I is a constructive discharge claim; Count II is a race-based harassment claim; and Count III is a retaliation claim. Counts I and II are deficient as a matter of law, and Count III is moot and should be dismissed.

    Generally, Plaintiff alleges that her work relationship with her second line supervisor, Dr. Finkelstein, became strained in 2019. ECF No. 1, Compl. ¶ 10. Dr. Finkelstein had been Plaintiff's second line supervisor since April 2007. *Id.* ¶ 8. Although no reason is given for this sudden change, Plaintiff alleges that Dr. Finkelstein began singling her out in front of colleagues and peers and accused her of failing in her position. *Id.* ¶ 10. Dr. Finkelstein allegedly spoke to Plaintiff with contempt but did not speak to non-African American colleagues in the same manner. *Id.* ¶ 11. Among other things, Plaintiff alleges that Dr. Finkelstein told her he was going to "fire her," and issued a Letter of Expectation, leading Plaintiff to request a work detail in August 2019. *Id.* ¶¶ 12-14. Plaintiff alleges that she was then placed on an ODAP, and in December 2019, Dr. Finkelstein told Plaintiff she could do a terminal detail, meaning her employment would end at the conclusion of the detail. *Id.* ¶ 16. Apparently after she filed an EEO complaint, Dr. Finkelstein said that Plaintiff could do the terminal detail if she dismissed her EEO complaint. *Id.* ¶ 17. At some point thereafter, Plaintiff claims she "involuntarily retired." *Id.* ¶ 20.

These factual claims are insufficient to establish a constructive discharge, so Count I should be dismissed. A constructive discharge can satisfy the requirement for an adverse employment action in establishing a *prima facie* case of disability discrimination. *See Whitten v. Fred's, Inc.*, 601 F. 3d 231, 248 (4th Cir. 2010), *overruled on other grounds by Vance v. Ball State Univ.*, 570 U.S. 421 (2013). "A claim of constructive discharge arises when an employee resigns because the 'circumstances of discrimination' made the employee's working conditions 'so intolerable that a reasonable person in the employee's position would have felt compelled to resign.'" *U.S. E.E.O.C. v. Ecology Servs., Inc.*, No. CV ELH-18-1065, 2020 WL 1308358, at *13 (D. Md. Mar. 19, 2020) (quoting *Green v. Brennan*, 136 S. Ct. 1769, 1776 (2016)). In the Fourth Circuit:

> "[i]ntolerability is not established by showing merely that a reasonable person, confronted with the same choices as the employee, would have viewed resignation as the wisest or best decision, or even that the employee subjectively felt compelled to resign. The intolerability of working conditions is assessed by the objective standard of whether a reasonable person in the employee's position would have felt *compelled* to resign . . . that is, whether he would have had *no choice* but to resign.

*Evans v. Int'l Paper Co.*, 936 F.3d 183, 193 (4th Cir. 2019) (internal citations and quotation marks omitted).

"Intolerability is a high bar." *Ecology Servs., Inc.,* 2020 WL 1308358, at *13. According to the Fourth Circuit, "difficult or unpleasant working conditions, without more, are not so intolerable as to compel a reasonable person to resign." *Evans,* 936 F.3d at 193; *see also James v. Booz-Allen & Hamilton, Inc.*, 368 F.3d 371, 378 (4th Cir. 2004) (quoting *Carter v. Ball*, 33 F.3d 450, 459 (4th Cir. 1994)) ("[M]ere 'dissatisfaction with work assignments, a feeling of being unfairly criticized, or difficult or unpleasant working conditions are not so intolerable as to compel a reasonable person to resign.'"). A claim for constructive discharge requires that "the plaintiff . . . show 'something more' than the showing required for a hostile work environment claim." *Evans*, 936 F.3d 183, 193 (quoting *Suders*, 542 U.S. at 147); *see also Nnadozie v. Genesis HealthCare Corp.*, 730 F. App'x 151, 162 (4th Cir. 2018) ("The 'intolerability' standard governing constructive discharge claims is more stringent than the 'severe and pervasive' standard for hostile work environment claims.").

Plaintiff's factual allegations are insufficient to state a constructive discharge claim as a matter of law. Even if she was spoken to with contempt, placed on an ODAP, and told she could do a terminal detail, these allegedly unfortunate circumstances do not rise to the level of Plaintiff having "no choice" but to resign. *See Evans*, 963 F.3d at 193; *James*, 33 F.3d at 459 ("feeling of being unfairly criticized" and "unpleasant working conditions" are not intolerable enough to "compel a reasonable person to resign").

Counts I and II also fail because Plaintiff does not plausibly allege that Defendant's actions were based on Plaintiff's race. To state a discrimination claim based on race, absent direct evidence of discrimination – and Plaintiff pleads no direct evidence here – a plaintiff must allege "different treatment from similarly situated employees outside the protected class." *Martinez v. Constellis, LLC*, 2020 WL 4589194, at *3 (E.D. Va. Aug. 10, 2020) (citing *Coleman v. Md. Ct. of App.*, 626 F.3d 187, 190 (4th Cir. 2010)). This metric exists because mistreatment at work not enough to state a discrimination claim unless it is based on an impermissible characteristic like race. To plausibly

allege race is the reason for mistreatment, if a plaintiff bases his or her "allegations completely upon a comparison to an employee from a non-protected class," then "the validity of [his or her] *prima facie* case depends upon whether that comparator is indeed similarly situated." *Martinez*, 2020 WL 4589194, at *4 (internal quotations omitted).

Here, Plaintiff offers no plausible comparator in her Complaint. Plaintiff merely alleges that Dr. Finkelstein praised her Asian counterpart but spoke to Plaintiff with contempt, and Plaintiff observed Dr. Finkelstein expressing more contempt for her than "non-African American colleagues." Compl. ¶ 11. Plaintiff has not clearly alleged that these unnamed individuals had the same supervisor, engaged in the same conduct, and that there were no mitigating or differentiating circumstances. *See Bagwell v. Downtown P'ship of Balt., Inc.*, 2020 WL 247293 at *8 (D. Md. Jan. 15, 2020) (identifying these factors as important to the comparator analysis, and noting that it is plaintiff's burden to "demonstrate that similarly situated employees were not treated equally"). Moreover, these allegations of different treatment are not connected to any adverse employment action. Unfair criticism and unpleasant working conditions are not adverse employment actions, so even if the unnamed comparators were similarly situated, Plaintiff does not allege that any adverse action taken by her employer was different than actions taken against the comparators.

Count II should be dismissed because the factual allegations are not severe or pervasive enough to state to a hostile work environment. Courts in this district and circuit have denied similar and even more severe claims than alleged here. *E.g.*, *Dortch v. Cellco P'ship*, 770 F. App'x 643, 645-46 (4th Cir. 2019) (finding plaintiff did not plausibly allege hostile work environment claim where supervisor investigated her work and placed her on a performance improvement plan); *Holleman v. Colonial Heights Sch. Bd.*, 854 F. Supp. 2d 344, 353 (E.D. Va. 2012) (supervisor frequently grabbing plaintiff's arm and cursing her out in front of faculty and students was not hostile work environment). Indeed, rude treatment is not actionable under Title VII. *High v. Comm'r, Soc. Sec.*, SAG-18-3334, 2019 WL 5209613, at *9 (D. Md. Oct. 16, 2019) ("A hostile work environment cannot be shown by establishing callous behavior by [one's] superiors, or a routine difference of opinion and personality conflict with [a plaintiff's] supervisor"). Plaintiff has failed to state a hostile work environment claim for this reason as well.

Last, Plaintiff's retaliation claim, Count III, should be dismissed because it has already been adjudicated in her favor and there are no additional damages to award. In addition, with the exception of any damages Plaintiff seeks beyond those already awarded, the United States concedes the merits of Count III. For these reasons, the claim is moot.

The United States requests permission to file a Motion to Dismiss. Thank you for your time and consideration.

Very truly yours,

Erek L. Barron
United States Attorney

  /s/ *Matthew A. Haven*
Matthew A. Haven
Assistant United States Attorney